# NO. 12-12-00352-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES MICHAEL WALKER,* *APPELLANT* | § | *APPEAL FROM THE 8TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *RAINS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Charles Michael Walker appeals from the trial court's denial of relief on his pretrial application for a writ of habeas corpus. In one issue, Appellant argues that retrial on six counts of indecency with a child is barred by the constitutional prohibition against double jeopardy because the mistrial that ended the first trial was a result of prosecutorial misconduct. We affirm.

### BACKGROUND

In August 2012, Appellant pleaded not guilty to six counts of indecency with a child. The complaining witness was his stepdaughter. She had confided in a friend about Appellant's actions and that friend was the State's first witness at trial. The witness related that the complaining witness had told her of the indecency in 2010. On cross examination, Appellant's counsel asked her about emails the two women had exchanged on this subject. Counsel showed the emails to the witness and had her acknowledge that they were dated November 2011. On redirect examination, the State offered the emails into evidence. Appellant's counsel objected on the basis that the emails were hearsay, that they were "bolstering," and that the probative value of the evidence was outweighed by the prejudicial effect. However, counsel did not state what the

prejudicial effect was.  The trial court overruled Appellant's objections.

A very serious prejudicial effect that had not been brought to the court's attention immediately presented itself when the State asked the witness to read the emails.  In the email exchange that was read to the jury, the complaining witness wrote that she had learned that she "wasn't the only one" and that her "dad" had gone to jail "because [she was] not the only one he's done this to."  Upon the reading of these words, Appellant's counsel objected, asked for a hearing outside the presence of the jury, and moved for a mistrial.  After some discussion, the trial court granted the motion for a mistrial.  During the course of the discussion, Appellant's counsel stated that she "doubt[ed] that there was prosecutorial misconduct due to the fact that [the State's attorney] did seem genuinely surprised."  The trial court made a finding that there was not prosecutorial misconduct and noted that "the State looked as surprised as I was when that came into evidence as the witness read it . . . ."

Following the trial, Appellant sought to prevent a second trial arguing that the mistrial was a result of prosecutorial misconduct and that double jeopardy barred retrial.[1]  The trial court held a hearing and denied relief.  This appeal followed.


## DOUBLE JEOPARDY

In one issue, Appellant argues that a retrial is barred because the State deliberately or recklessly caused a mistrial that ended the first trial.

### Standard of Review and Applicable Law

The Fifth Amendment to the U.S. Constitution contains a Double Jeopardy Clause, which provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. CONST. amend. V.  Jeopardy attaches in a jury trial when the jury is empaneled and sworn.  *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002).  But a trial that ends in a mistrial is not a former jeopardy if it occurs with the defendant's consent or because of a "manifest necessity."  *Id*. (citing *Oregon v. Kennedy*, 456 U.S. 667, 672, 102 S. Ct. 2083, 2088, 72 L. Ed. 2d 416 (1982)).  An exception to the rule exists when the State engages in conduct "intended to provoke the defendant into moving for a mistrial."  *See Oregon*, 456 U.S. at 676,

---

[1] Counsel made additional arguments in an effort to avoid a retrial.  Those arguments are not advanced on appeal.

2

679, 102 S. Ct. at 2091; *Ex parte Masonheimer*, 220 S.W.3d 494, 506 (Tex. Crim. App. 2007).

In such a case, a trial that ends in a mistrial sought by the defense can be a former jeopardy. *See Oregon*, 456 U.S. at 679, 102 S. Ct. at 2091 ("[We hold] that the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.").

Generally, we review a trial court's decision to grant or deny relief on a writ of habeas corpus for abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). We review the facts in the light most favorable to the trial court's ruling. *See Ex parte Masonheimer*, 220 S.W.3d at 507. We review wholly legal conclusions de novo. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

## Analysis

Appellant argues that the State provoked[2] him into seeking a mistrial in this case and that he, therefore, may not be tried again on these charges. Appellant argues that we may conclude the State provoked the mistrial because the State abandoned several counts the day of the trial and because two additional charges were filed the day of trial. Additionally, Appellant asserts that it was clear that the "trial would be hard fought by both sides" and that it is "certainly possible, indeed likely, that the State realized that the defendant had a theory of the case which [sic] had not been anticipated." Appellant also notes that while the attorney for the State initially said that additional witnesses would testify to being touched inappropriately by Appellant, that assertion was not repeated.

The filing and abandoning of charges is not conclusive evidence of any kind of intent to sabotage the trial. We agree with Appellant that it appeared the trial would be hard fought.

---

[2] Appellant asserts that the State intentionally or recklessly caused the mistrial. In *Bauder v. State*, 921 S.W.2d 696, 699 (Tex. Crim. App. 1996), the court of criminal appeals interpreted the double jeopardy provision of the Texas Constitution to protect against "reckless" conduct by a prosecutor. Specifically, the court held retrial would be barred "when the prosecutor was aware but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request." Appellant did not make a claim in the trial court based on the Texas Constitution, and the court of criminal appeals has specifically overruled the part of the *Bauder* case that protects a defendant against reckless conduct by the prosecutor. *See Ex parte Lewis*, 219 S.W.3d 335, 337 (Tex. Crim. App. 2007) ("We granted review to reexamine *Bauder'*s holding. We conclude that *Bauder* should be overruled and that the proper rule under the Texas Constitution is the rule articulated by the United States Supreme Court in *Oregon v. Kennedy*."). Accordingly, we will evaluate the State's actions in this case in terms of intentional conduct.

3

Appellant's counsel began her opening argument by saying "we're going to come out guns blazing," and proceeded to aggressively attack the assertions made by the State in its opening statement. But the State's offering of the emails was hardly evidence that the State blanched before counsel's aggressive charge. Indeed, the State's attorney appeared to be under the impression that Appellant's counsel had committed a tactical blunder in her opening statement by opening the door to evidence of other inappropriate touchings or assaults. And the State did not launch the exhibit as a harpoon. Appellant's counsel cross examined the State's first witness, a friend of the complaining witness, about the time frame surrounding the complaining witness's statements to her concerning Appellant's actions. The witness stated that they had also discussed the actions in an email, and Appellant's counsel had her look at printouts of the emails to establish the date they were sent.

Only then did the State offer the emails. Appellant's counsel made numerous objections, and the State offered the evidence only after the trial court ruled that the exhibit was admissible. Later the prosecutor would state that he had offered the emails for a reason other than to admit evidence of the extraneous offenses committed by Appellant, although he believed that evidence of the extraneous offenses was admissible.

It is not difficult to believe that the prosecutor overlooked the information about the extraneous allegations in the series of emails for a simple reason: Appellant's counsel also overlooked it. Appellant's counsel made a number of objections to the exhibit, but she never stated, beyond a general Texas Rule of Evidence 403 objection, that the emails contained evidence of inadmissible and extraneous offenses. Indeed, Appellant's counsel forthrightly stated that the prosecutor "did seem genuinely surprised" when the allegations were read and that she doubted there was prosecutorial misconduct. Furthermore, at argument on Appellant's motion, counsel conceded that "it was very clear that [the prosecutor] did not want a mistrial" because he wanted the evidence to be admitted.

The trial court found that there was not prosecutorial misconduct immediately after it granted the motion for a mistrial. And the trial court overruled Appellant's request to bar a retrial because of prosecutorial misconduct. The trial court's conclusion that the State did not commit misconduct by provoking Appellant into seeking a mistrial is supported by the record and by the statements of Appellant's counsel. It is reasonable to conclude that the offering of the evidence

4

addressing extraneous misconduct was inadvertent and was not intended to goad or provoke Appellant into seeking a mistrial.   We overrule Appellant's sole issue.


## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.


**SAM GRIFFITH**
Justice


Opinion delivered June 12, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 12, 2013**

**NO. 12-12-00352-CR**

**CHARLES MICHAEL WALKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th Judicial District Court
of Rains County, Texas. (Tr.Ct.No. 5267)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*